IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRYSTAL ROSE MENDEZ,

    Petitioner,

v.

CHARLES C. IWUAGWU,

    Respondent.

No. C 18-2595 WHA (PR)

**ORDER OF DISMISSAL**

Petitioner is a federal prisoner who filed this pro se petition for a writ of habeas corpus under 28 U.S.C. 2241. She claims that she is entitled to early release based upon her completion of a residential drug abuse program ("RDAP"). She alleges that she is being denied such release because she was convicted of being a felon in possession of a firearm. She argues that this was not a crime of violence because she did not use the firearm, it was simply in her house.

The Bureau of Prisons is required to provide every federal prisoner with a substance abuse problem the opportunity to participate in a treatment program while in custody. *See* 18 U.S.C. § 3621(b),(e). In order to encourage prisoners to seek treatment, Congress provided that the Bureau "may" reduce, by up to one year, the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a residential drug abuse program (RDAP). 18 U.S.C. § 3621(e)(2)(B). Pursuant to these provisions, the Bureau offers a 500-hour comprehensive substance abuse treatment program. *Cort v. Crabtree*, 113 F.3d 1081, 1082 (9th Cir. 1997). The deprivation of a prisoner's right to be released, or considered for early release, pursuant to these provisions states a cognizable claim under 28 U.S.C. § 2241. *Id.* at 1082-87.

In 2009, the Bureau properly exercised its discretion under § 3621(e)(2)(B) by implementing a regulation that categorically excludes certain classes of inmates from eligibility for § 3621(e)'s early release incentive. *See* 28 C.F.R. § 550.55(b). Among these categories are inmates convicted of an offense that involved the possession of a firearm, *id.* § 550.55(b)(5)(ii), and inmates with a prior conviction for homicide, forcible rape, robbery, aggravated assault,

arson, kidnapping or child sexual abuse, *id.* § 550.55(b)(4). *Peck v. Thomas*, 697 F.3d 767, 770-92 (9th Cir. 2012). The Bureau did not violate the Administrative Procedures Act in implementing the 2009 regulation excluding such inmates from § 3621(e). *Id.* at 772-73; *see also id.* at 770 fn.2 (citing unanimity among other circuits in finding regulation valid under APA).

In view of 18 U.S.C. § 3625, entitled Inapplicability of the APA, federal courts lack jurisdiction to review BOP's individualized residential drug abuse program determinations made pursuant to 18 U.S.C. § 3621(e), such as whether to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011) (inmate cannot prevail on due process claim because inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit). Accordingly, this court lacks jurisdiction to review petitioner's claim that the BOP's individualized determination not to grant a sentence reduction to her for completion of the RDAP. While federal judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, *ibid.*, no such claim is made here.

Accordingly, the instant petition is **DISMISSED**. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 11, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE